UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MARK BRANON,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Case No: C 13-1350 SBA<br><br>**ORDER DISMISSING ACTION** |

In 2003, following a jury trial in the District of Arizona, Petitioner Mark Branon was convicted of and sentenced on multiple drug charges, possession or use of a firearm in a crime of violence with a silencer, felon in possession of a firearm, and possession of a firearm with an obliterated serial number. Petitioner appealed his conviction and sentence. The United States Court of Appeals for the Ninth Circuit affirmed his conviction, but granted a limited remand for resentencing. United States v. Branon, 146 Fed. Appx. 168, 169, 2005 WL 2001925 (9th Cir. Aug. 22, 2005). Petitioner was resentenced on July 31, 2006. He subsequently filed a second appeal on November 9, 2006. The Ninth Circuit summarily affirmed Petitioner's sentence on April 21, 2008. United States v. Branon, 274 Fed. Appx. 587, 587, 2008 WL 1790247 (9th Cir. Apr. 21, 2008).

Following his unsuccessful appeals, Petitioner filed a motion under 28 U.S.C. § 2255 to challenge his sentence on July 13, 2009 in the District of Arizona. On September 10, 2010, a magistrate judge issued a report and recommendation recommending the denial of Petitioner's motion. On January 24, 2011, the District Court for the District of Arizona adopted the magistrate judge's report and recommendation, and denied the motion. <u>United States v. Branon</u>, No. CV 09-1455-PHX-SRB (D. Ariz., Jan. 24, 2011). Petitioner attempted to appeal the decision, but was denied a certificate of appealability by the Ninth Circuit. Pl.'s Req. for Jud. Not. Ex. A. He then filed a petition for certiorari, which the Supreme Court denied on December 12, 2011. <u>Branon v. United States</u>, 132 S.Ct. 859 (2011).

On March 26, 2013, Petitioner filed the instant motion in this Court, which is entitled "Hazel-Atlas Motion for an Act of Fraud upon the Court." Pet. Mot., Dkt. 1. In his motion, Petitioner alleges that his attorney employed a private investigator who was cooperating with the prosecution. <u>Id.</u> at 20-21. Petitioner argues that the evidence at trial provided by the private investigator, which allegedly contributed to his conviction, was privileged and thus should have been inadmissible. <u>Id.</u> at 23. Petitioner asserts that the Court must "remedy the damage caused herein, whether through a hearing for the evidence, or overturning the conviction immediately." <u>Id.</u> at 24.

"Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." <u>Hernandez v. Campbell</u>, 204 F.3d 861, 865 (9th Cir. 2000). Here, Petitioner challenges the legality of his sentence, arguing that his conviction "was obtained through an act or acts of fraud upon the Court." Pet. Mot. at 1. Specifically, Petitioner contends that the trial court erroneously admitted evidence which contributed to his conviction. Because Petitioner challenges the legality of his underlying conviction and sentence, as opposed to the execution of his sentence, the Court liberally construes Petitioner's motion as one brought pursuant to section 2255. See <u>Harrison v. Ollison</u>, 519 F.3d 952, 954 (9th Cir. 2008) ("A

federal prisoner challenging the legality of a sentence must generally do so by a motion under 28 U.S.C. § 2255.") [1]

Section 2255 provides that a federal prisoner may file a motion challenging his sentence on grounds that the "sentence was imposed in violation of the Constitution of the United States, . . . or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack" by moving "the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A section 2255 petition or motion is subject to a one-year statute of limitations that runs from the date when the conviction becomes final. 28 U.S.C. § 2255(f)(1). A petition or motion filed pursuant to section 2255 must be brought in the jurisdiction of the sentencing court. Hernandez, 204 F.3d at 865.

In the instant case, Petitioner was convicted in and sentenced by the District of Arizona. Therefore, jurisdiction is lacking. Id. (jurisdiction proper in a § 2255 action is only in the district of conviction). The motion also is an improper successive motion. Since Petitioner previously filed a section 2255 motion in the District of Arizona, he cannot pursue a second motion absent permission from the Ninth Circuit. 28 U.S.C. § 2255(h). Petitioner does not contend nor is there any evidence that he has received permission from the Ninth Circuit to file this action, which is otherwise time-barred. Having failed to comply with the procedural requirements of section 2255, Petitioner cannot litigate his motion at this time. See United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998)

---

[1] Section 2255(e) sets forth a "savings clause" or "escape hatch" which authorizes a federal inmate to seek relief pursuant to 28 U.S.C. § 2241 "if, and only if, the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012) (citation omitted). The escape hatch is available "when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006) citations omitted). In order to satisfy the actual innocence requirement, a "petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Id. at 898 (citation omitted). "'[A]ctual innocence means factual innocence, not mere legal insufficiency." Muth v. Fondren, 676 F.3d 815, 819 (9th Cir. 2012) (citation omitted). Here, Petitioner complains about the admission of evidence at trial, and does not claim that he is factually innocent.

(concluding that the district court did not have jurisdiction over petitioner's successive motion where petitioner did not request permission from the court of appeals).

Because the instant motion is properly construed under section 2255, and because Petitioner has not demonstrated that the savings clause or escape hatch applies, this Court lacks jurisdiction to consider Petitioner's claims.  See Hernandez, 204 F.3d at 865.  Where, a district court lacks jurisdiction over a civil action, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed or noticed . . . ." 28 U.S.C. § 1631; see Cruz-Aguilera v. INS, 245 F.3d 1070, 1074 (9th Cir. 2001) ("The federal transfer statute is applicable in habeas proceedings.").  Transfer of the instant motion to the District of Arizona, however, is not in the interest of justice because the motion is successive and otherwise untimely.  See House v. United States, No. CV 13-0583 GHK(SS), 2013 WL 4602435, *6 (C.D. Cal. Aug. 27, 2013) (dismissing instead of transferring a successive and time-barred 2255 motion).  If and when Petitioner obtains leave from the Ninth Circuit to pursue a successive section 2255 motion, he may pursue such action in the District of Arizona.  Accordingly,

IT IS HEREBY ORDERED THAT the instant action is DISMISSED without prejudice.  Because no reasonable jurist would find the denial of the instant motion debatable or wrong, the Court declines to issue a certificate of appealability.  The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated:  August 26, 2014

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge